IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHAZZIO RUTHERFORD,

      Defendant.

Criminal No. 09-0257
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER DENYING DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE
NOTICED UNDER FRE 404(B) (DOC. NO. 42)
AND MOTION TO BIFURCATE TRIAL (DOC. NO. 44)**

Before the Court are two related motions, defendant Chazzio Rutherford's Motion In Limine To Exclude Evidence Noticed Under F.R.E. 404(b) (Doc. No. 42), and his Motion to Bifurcate Trial (Doc. No. 44). After careful consideration of said motions and the excellent briefs in support and in opposition thereto (including replies to responses and surreplies), the Court will deny both motions.

**Motion in Limine (Doc. No. 42)**

Defendant is charged with three offenses. Count One of the Indictment charges that on or about December 10, 2008, in the Western District of Pennsylvania, defendant knowingly, intentionally, and unlawfully possessed with intent to distribute less than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Two charges that on or about December 10, 2008, in the Western District of Pennsylvania, defendant knowingly and unlawfully possessed a Taurus .38 special revolver, in furtherance of the drug trafficking crime charged at Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Count Three charges that on

or about December 10, 2008, in the Western District of Pennsylvania, defendant, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce the same Taurus .38 special revolver, in violation of 18 U.S.C. § 922(g)(1).

Defendant asserts that the Government noticed its intention to seek the introduction of the his prior convictions in Allegheny County, Pennsylvania at CC 2006-02157 (conviction for possession with intent to deliver heroin and conspiring to possession with intent to deliver heroin) and CC 2006-03970 (conviction for possession with intent to deliver heroin) in its case in chief, and he seeks to exclude such evidence pursuant to Fed.R.Evid. 404(b) as impermissible prior bad acts offered merely to show his propensity for committing crimes. The government counters that it will introduce said convictions for distributing heroin, both in 2007, so the jury may consider such evidence in determining defendant's state of mind when he possessed 38 stamp bags of heroin and a .38 special Taurus pistol in 2008. The Court agrees with the government that the prior convictions are admissible under Fed.R.Evid. 404(b) and 403.

In United States v. Daraio, 445 F.3d 253 (3d Cir. 2006), the Court of Appeals for the Third Circuit laid out the standards for determining whether evidence of another crime or bad act is admissible under Rule 404(b), as follows:

> Rule 404(b) governs the admissibility of evidence of "other crimes, wrongs, or acts." It provides, in relevant part, that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." We have recognized that "Rule 404(b) is a rule of inclusion rather than exclusion." . . . In general, we favor the admission of Rule 404(b) evidence when it is relevant for any other purpose than to show the defendant's propensity to commit the charged offense.

> * * *
>
> > To demonstrate a proper purpose, the government must "proffer a logical chain of inference consistent with its theory of the case." <u>United States v. Sampson</u>, 980 F.2d 883, 888 (3d Cir. 1992). After the government has specified such a purpose, unless the reason that the evidence is proper is plainly obvious, the district court must "articulate reasons why the evidence also goes to show something other than character" by putting this "chain of inferences into the record." <u>Id</u>. Furthermore, "[w]here such other purposes do exist, protections against improper admission nevertheless remain in Rule 104 relevancy standards and in Rule 403's requirement that probative value yet be balanced against the risk of 'unfair prejudice.'" . . . Thus, we apply a four part test to determine the admissibility of Rule 404(b) evidence: "(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted."
>
> * * *
>
> > Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

<u>Daraio</u>, 445 F.3d at 263-64 (footnote and additional citations omitted).

A "proper purpose is one that is 'probative of a material issue other than character.'" <u>United States v. Green</u>, --- F.3d ----, 2010 WL 3081444, *13 (3d Cir. 2010) (quoting <u>Huddleston v. United States</u>, 485 U.S. 681, 686 (1988)). The government offers the prior convictions to prove defendant's state of mind or intent at the time he was arrested for drug distribution and firearms violations, because the convictions are "particularly probative of his intent, motive, lack of mistake, and knowledge concerning the heroin and the pistol." Government's Response to Motion In Limine (Doc. No. 53), at 5. Although defendant makes a valiant attempt to distinguish his situation from the body of case law supporting inclusion of prior drug distribution

3

convictions in prosecutions for drug distribution and using and possessing firearms, his situation presents the classic case wherein recent, prior convictions are permitted because the probative value of the evidence far outweighs its tendency to cause undue prejudicial. See, e.g. <u>United States v. Lee</u>, 573 F.3d 155, 158 (3d Cir. 2009) and <u>United States v. Givan</u>, 320 F.3d 452, 460-62 (3d Cir. 2003). Of course, the Court will give an appropriate limiting instruction in its final jury instructions, and upon introduction of the convictions if defense counsel requests.

Defendant's Motion in Limine (Doc. No. 42) is DENIED.

**Motion to Bifurcate Trial (Doc. No. 44)**

The parties have agreed, at the preliminary pretrial conference, that as goes the Motion In Limine, so goes the Motion To Bifurcate. Because the convictions are to be admitted as evidence of state of mind at Counts One and Two, there is little to be gained by bifurcating Count Three, which has as one of its elements defendant's previous felony conviction.

Defendant's Motion to Bifurcate Trial (Doc. No. 44) is DENIED.

SO ORDERED this 14th day of September, 2010

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record