IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,          Criminal No. 09-0257
                                        Civil No. 17-0432
    v.                                          **ELECTRONICALLY FILED**

CHAZZIO RUTHERFORD,

    Defendant-Petitioner.

## MEMORANDUM ORDER DENYING CERTIFICATE OF APPEALABILITY AND MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner Chazzio Rutherford appealed this Court's dismissal of his untimely Motion to Vacate Sentence, doc. no. 102, which he purported to file pursuant to 28 U.S.C. § 2241, arguing for application of the "Savings Clause" in 28 U.S.C. § 2255(e). The Court did not determine whether a certificate of appealabilty should issue pursuant to Fed. R. App. P. 22(b) and 28 U.S.C, § 2253, and the United States Court of Appeals for the Third Circuit remanded the case to the District Court "for the sole purpose of either issuing a certificate of appealability or stating reasons why a certificate of appealability should not issue." Doc. No. 108.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner seeking a certificate of appeal must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner failed to timely file his Motion to Vacate, and sought relief under the Savings Clause. Doc. No. 98. However, Petitioner failed to show that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality" of his detention. Doc. No. 102. The Court of Appeals has previously held that a petitioner must show "something more" than that he missed

the filing deadline or otherwise failed to meet the requirements of the statute to establish that Section 2255 is inadequate or ineffective. See *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 201-03 (3d Cir. 2017).

Reasonable jurists would not disagree that Petitioner has failed to timely file his Motion to Vacate, nor would they find that he had adequately established that the Savings Clause should apply. For those reasons, a certificate of appealability will be denied.[1]

Turning to Petitioner's Motion to Proceed In Forma Pauperis, 28 U.S.C. § 1915 provides that a prisoner seeking to appeal a judgment in a civil action without prepayment of fees "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Prisoners are then required to pay the full amount of the filing fee, even if *in forma pauperis* status is granted, at a rate of 20 percent of the prisoner's average monthly deposits or average monthly balance in the account for the 6-month period immediately preceding the filing of the notice of appeal. *Id.*

Petitioner's Motion to Proceed In Forma Pauperis, doc. no. 109, is therefore DENIED WITHOUT PREJUDICE for Petitioner to file the motion with the appropriate certified copy of his prison account statement attached.

SO ORDERED, this 28th day of June, 2017,

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

---

[1] Although the merits of Petitioner's claim were not reached in the Court's Memorandum Order, it is noted that the Court of Appeals has rejected a similar, though not identical, challenge to Pennsylvania's Controlled Substances Act as it relates to the sentencing enhancement under the Armed Career Criminal Act. *United States v. Henderson*, 841 F.3d 623 (3d Cir. 2016).